MASON, ERNEST E.
(Retired Circuit Judge), Associate Judge.
Appellant — Department of Highway Safety and Motor Vehicles seeks review of an amended order of the Career Service Commission.
An order was entered on April 24, 1978, and served on the parties to this appeal, including appellee McAteer, on May 8,1978. An amended order was entered on July 31, 1978, and served on the parties August 1, 1978. Primarily it is from this amended order that this appeal lies.
Appellee McAteer worked as a radio teletype operator for the Department and was serving in this capacity at the time of his dismissal on June 13, 1977. By letter dated June 13, 1977 signed by the Director of the Florida Highway Patrol, McAteer was advised of his dismissal effective that date for “conduct unbecoming a public employee” in that he had been involved in an accident while under the influence of alcohol and had refused to submit to a chemical test for alcoholic content of his blood. The letter advised the employee of his right to appeal the disciplinary action.
Subsequently, McAteer appealed to the Career Service Commission in accordance with the proper provisions of Section 110.-061, Florida Statutes (1977).
After proper notice to all parties, a hearing was held on the employee’s appeal on February 16, 1978. Following the hearing the Commission found that upon the whole record the Department had fully sustained the burden of proof encumbent upon it by a preponderance of the evidence establishing a legal dismissal of McAteer and that the material allegations of the letter of dismissal were proven. However, the Commission found that in view of McAteer’s prior good record, dismissal was too severe a punishment under the circumstances and that such penalty should be altered to a lesser penalty. It therefore in its written order dated April 24, 1978, dealing with the subject matter before it, ordered the Department to reinstate McAteer without back pay to his former or to a comparable class or position for which he is found to be qualified, “effective upon receipt of this order” (emphasis supplied).
The Commission had announced an oral order of reinstatement at the conclusion of the hearing on February 16, 1978, and a written order confirming such oral announcement followed on April 24, 1978. A copy of the written order was served upon the Department and upon McAteer on May 8, 1978.
McAteer, through his attorney, on May 10, addressed a letter to one Mrs. Dorothy B. Roberts, who was the Career Service Commission Appeals Coordinator at the time, contending that under the oral announcement of reinstatement made on February 16, he was entitled to such reinstatement immediately upon such oral announcement, and requested “an immediate amended order which reflects the true intent of the Commission”. In support of his request for such amendment, and apparently to bolster the amended order which was entered by the Commission on July 31, amending the effective date of McAteer’s reinstatement to February 16, 1978, appellee-Mc-Ateer has filed in this court affidavits of the three members of the Commission, each dated on a separate date in November, 1978, to the effect that they had intended by their oral announcement at the conclusion of the February 16, hearing to make the effective date of the reinstatement February 16, and that the written order of April 24, did not reflect the true intent of the Commission.
We cannot consider these affidavits as a part of the record on this appeal because they were executed and filed after the fact, that is to say after the original written order of April 24, 1978, and after *57 the amended written order of July 31,1978; and even after the notice of appeal was filed in this court and the record on appeal filed with the Clerk. By order dated January 3,1979, we expressly denied the supplementation of the record herein by the untimely filing of these affidavits. Therefore, we must resolve the issues presented by this appeal upon the proper record before us, absent such affidavits.
An examination of the record of the hearing of February 16, indicates that it was the intent of the Commission that there would be a written order of reinstatement, for at the close of the hearing when the question of an attorney’s fee to McAteer’s counsel was raised, the Commission agreed that such counsel was entitled to a fee and the Chairman stated: “All right. So the order will read ‘with reasonable attorney fee as well’ ”, (Emphasis supplied) This clearly established the intent of the Commission at the time of the close of the hearing that there would be a written order effecting the Commission’s decision which refutes the appellee’s contention that his reinstatement was ordered to be immediately effective.
Furthermore, the statute creating the Career Service Commission as an adjunct of the Department of Administration directs that the action of the Commission on the hearing of an appeal by a career service employee who complains of an alleged wrongful suspension, demotion or dismissal by his employer “shall be in writing and shall be served on the parties to the appeal either in person or by mail” (Florida Statute 110.061(3)(c)). (emphasis supplied) The Commission was powerless orally to order McAteer’s reinstatement as contended for by him. The Commission’s written order of April 24, is therefore controlling.
This brings us to the one crucial point of this appeal which is, “Was the amended order entered by the Commission on July 31, 1978, a valid order, having the legal effect of reinstating McAteer effective February 16,1978?”. We answer in the negative and reverse. There was no proper Petition for Rehearing of the written order entered by the Commission on April 24. The letter written by McAteer’s attorney to the Commission under date of May 10, seeking a clarification of the Commission’s order is clearly an ex parte communication which is proscribed by F.S. 120.66. F.S. 120.66(1) provides that in any proceeding under the Administrative Procedures Act no ex parte communication shall be made to the agency head or hearing officer after the entry of a recommended order by any party to the proceeding or counsel therefor. Therefore, since such letter was an illegal communication it cannot be deemed to have continued jurisdiction of the case in the Commission after the April 24 order became final.
Furthermore, there is nothing in the record that discloses that appellant either directly or to its counsel was given any notice that the Commission would consider said proscribed letter either as a petition for clarification or rehearing. It is evident that the July 31st order was entered without any opportunity given to the appellant — Department to contest the same.
Having determined that the July 31 order is a nullity, we therefore conclude that the final order of the Commission was the order of April 24,1978. If appellee felt aggrieved by said final order, he had the right to appeal therefrom to this court provided he did so within thirty days from the date the order was rendered as prescribed by Rule 9.110(b) of the Florida Rules of Appellate Procedure. This he did not do.
We reverse and remand with the direction to the Career Service Commission to reinstate its order of April 24, 1978.
MILLS, Acting C. J., and ERVIN, J., concur.